1  TAYMON J JACKSON  # K-35749
2  5905 LAKE EARL DR.      c/7 #202
3  CRESCENT CITY, CALIFORNIA
4  95531

E-filing

FILED
2008 JUL -3 PM 12: 14
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8               UNITED STATES DISTRICT COURT
9            FOR THE NORTERN DISTRICT OF CALIFORNIA

10  TAYMON J JACKSON                    CASE NO;
11        PLAINTIFF,                  C08-03227 PJH (PR)
12                                   COMPLAINT UNDER THE
13                                   CIVIL RIGHTS ACT,
14                                   42 U.S.C. 1983
15  WARDEN BOB HOREL, C. WILK,
16    W.A. DUNCAN, R. PIMENTE, N. GRANNIS, M. FERGUSON,
17    G. STWART, M. CASTELLA, J. PASCOE, M. PENA, J. ISOLA.
18    DEPT OF CORRECTIONS           ET, AT AL,,,
19                                DEFENDANTS,
20                                JURISDICTION
21  1.  PLAINTIFF HAVE SUFFERED INJURIES TRACEABLE TO THE ACTIONS OF DEFENDANTS,
22  AN THE ACTION IS A CASE OR CONTROVERSY OVER WHICH THIS COURT HAS JURISDICTION
23   UNDER. LOCATED AT 5905 LAKE EARL DRIVE, CRESCENT CITY, CALIFORNIA 95531.IN THE
24   UNITED STATES OF AMERICA   PAGES (1) OF (14).
25   2. THIS CASE IS BROUGHT PURSUANT TO 42 U.S.C 1983 WITH A PENDENT STATE CLAIM.
26   JURISDICTION IS BASED UPON 28 U.S.C 1331 MAYBE 1343 MAYBE. THIS COURT DOES HAVE

JACKSON VS. DEPT OF CORRECTIONS

1  JURISDICTION OVER STATE LAW CLAIMS. 5905 LAKE EARL DRIVE, CRESCENT CITY, CALFORINA.

2  3. VENUE IS PROPER IN THIS COURT BECAUSE I DONT BELIEVE I CAN GET A FAIR HEARING

3  IN CRESCENT CITY WHERE THE PRISON IS LOCATED, I HAVE FAMILY WHO WILL FILE MY PAPERS

4  AND DO LEGAL RESEARCH IN THE AREA THAT WILL HELP ME BE ON TIME WITH MY PAPER WORK.

5  4. PLAINTIFF HAVE COMPLIED WITH CALIFORNIA GOV. CODE 912.4 THE TORT CLAIMS STATUTE. IN

6  A TIMELY MANNER WITH THE STATE BOARD IT WAS DENIED.JUST SENT MAY 2008.

7                                    PARTIES

8  5. DEFENDANTS BOB HOREL ACTING WARDEN, AT ALL TIMES MENTIONED DEFENDANT WAS THE
9  WARDEN

10 OF PELICAN BAY STATE PRISON DEPARTMENT OF CORRECTIONS HEREIN (CDC) A GOVERNMENT

11 AGENCY FUNDED BY THE TAXPAYERS OF CALIFORNIA TO INCARCERATE AND THEREBY PUNISH THOSE

12 WHO ARE CONVICTED OF FELONIES COMMITTED WITHIN CALIFORNIA. THE CDC IS A RECIPIENT OF

13 FEDERAL FINANCIAL ASSISTANCE AS DEFINED BY 42 U.S.C. 2000D(TITLEVI) AND THE REGULATIONS

14 PROMULGATED BY THE UNITED STATES DEPARTMENTS OF JUSTICE AND HEALTH AND HUMAN
15 SERVICES

16 IMPLEMENTING THAT STATUTE. THE CDC IS UNDER AN OBLIGATION TO OBEY THE LAWS OF CALIFORNIA

17 AND THE UNITED STATES. AS A CONDITION OF RECEIVING FEDERATION FINANCIAL ASSISTANCE CDC

18 HAS AN OBLIGATION TO OBEY CIVIL RIGHTS LAWS, AND THE REGULATIONS THAT IMLEMENT THOSE
19 LAWS

20 INCLUDING AN OBLIGATION NOT TO DISCRIMINATE BY RACE, NATIONAL ORIGIN, COLOR OR ETHNIC

21 GROUP IDENTIFICATION. DEFENDANTS ARE BEING SUED IN HIS OR HER INDIVIDUAL CAPACITY AND

22 AS A FORMER EMPLOYEE (IF GONE) OF THE (CDC)AT AL TIMES MENTIONED THE DEFENDANTS ACTED

23 WITHIN THE COURSE AND SCOPE OF HIS/HER EMPLOYMENT AND UNDER THE COLOR OF LAW. AS
24 WARDEN

25 BOB HOREL WAS RESPONSIBLE FOR THE ADMINISTRATION AND APPLICATION OF THE STATEWIDE CDC

26 POLICIES, AND WAS RESPONSIBLE FOR THE OPERATION OF THE CALIFORNIA PRISON FACILITIES,

27 THE DECISIONS MADE REGARDING POLICIES. AND WAS RESPONSIBLE FOR THE ADMINISTRATION AND

1   APPLICATION OF STATEWIDE CDC POLICIES AND PROCEDURES RELATED TO THE ROLES OF COSTODY

2   STAFF IN THE PROTECTION AND TREATMENT OF THE INMATES AT THE SHU AND THE HEARINGS.

3   HE IS RESPONSIBLE FOR THE TRAINING,SUPERVISION AND DISCIPLINE OF THE CUSTODY STAFF

4   REGARDING ISSUES OF THE PROPER PROTECTION AND TREATMENT OF THE INMATES AT THE SHU

5   THE(SHU) IS THE SEGERGATED HOUSING UNIT.ENSURING ACCESS TO INTERPRETERS, LAW LIBRARY

6   WHOSE NEGLIGENCE OR MISCONDUCT TO AN INMATES PHYSICAL OR MENTAL MISTREATMENT, ETHNIC
7   SENSITIVITY TRAINING; ADEQUATE MENTAL AND MEDICAL STAFF.

8   DEFENDANTS SC. WILK,CC2, W.A.DUNCAN, R.PIMENTEL,N.GRANNIS M.FERGUSON, J.PASCOE, M.PENA,

9   J.ISOLA.   I pray this court would award me release from Shu housing and compensatation
10   done based On 1/3/08 release date until I am released at 100.00 aday after until released.

11   ALL DEFENDANTS WHERE EMPLOYED AT PELICAN BAY STATE PRISON FOR MEN, AT TIMES MENTIONED

12   HEREIN. EACH ONE ARE SUED IN THEIR INDIVIDUAL CAPACITY AND AS FORMER/OR NOW EMPOYEES

13   OF THE CDC. AND AT ALL TIMES MENTIONED HEREIN THEY ACTED  EACH AND EVERY ONE OF THESE

14   DEFENDANTS WERE OPERATING WITHIN THE SCOPE AND COURSE OF THERE EMPLOYMENT AND HAS A

15   DUTY TO INSURE THE INMATES RIGHTS ARE NOT VIOLATED IN AND  NO PHYSICAL OR MENTAL

16   HARM COMES TO THE INMATE NOR INDIFFERENCE AND ABUSE. DEFENDANT SC. WILK,CC2,
17   W.A.DUNCAN,

18   R.PIMENTEL, N.GRANNIS,  M.FERGUSON, J.PASCOE, M.PENA, J.ISOLA.FOR ROLE OF CUSTODY STAFF
19   DOING ALL TIMES MENTIONED ALL WHERE UNDER THE SUPERVISION OF THE WARDEN.ALL ACTED IN
20   THE  SCOPE  OF HIS/HER EMPLOYMENT AND UNDER THE COLOR OF LAW.

21                                                                    COMPLAINT

22   1. PLAINTIFF IS ACTING IN PROPER PRAYING FOR RELIEF,ON 11/20/07 AT ALL TIMES PLAINTIFF WAS

23   INCERCARATED AT PELICAN BAY STATE PRISON AS A PRISONER AT THE PRISON.

24   2. THIS IS AN APPEAL FROM THE DECISION FROM 1-3-08. I ALLEGE I HAVE A RIGHT TO THIS ACTION

25   AND AN ATTORNEY LATER FOR MY PERSONNEL INTEREST.I MUST FILE THIS IN COURT TO BE

26   IN A TIMELY MANNER, I ONLY HAVE SIX MONTHS TO DO THIS ACCORDING TO STATE LAW AND IN THE

27   CONFINED SEGERGATED HOUSING IAM PLACE IN. APPEALLANT CONTENDS HE HAS A STATE-CREATED

1  LIBERTY INTEREST IN BEING FREE FROM INDETERMINATE SHU CONFINEMENT.(SANDIN V. CONNER.515

2  U.S. 472 (1995);DOM 60250.13.2 THE INMATES CONTINUED PRESENCE IN GENERAL POPULATION
3  WOULD (SEVERELY ENDANGER) LIVES OF INMATES OR STAFF, THE SECURITY OF THE INSTITUTION

4  OR THE INTEGRITY OF AN INVESTIGATION INTO SUSPECTED CRIMINAL ACTIVITY. " CCR TITLE 15

5  3335(a). STATE IN PART WHEN AN INMATES PRESENCE IN AN INSTITUTIONS GENERAL INMATE

6  POPULATION PRESENTS AN IMMEDIATE (THREAT) TO THE SAFETY OF THE INMATE OR OTHER'S,

7  ENDANGERS INSTITUTIONS SECURITY OR JEOPARDIZES THE INTEGRITY OF AN INVESTIGATION"

8  ,3341.5(A,1) IS USED CONTINUOESLY, BY ICC BUT THEY FAIL TO UNDERSTAND THE PROPER

9  CONTEXT OF THE SHU INDETERMINATE PLACEMENT WHICH IS OUTLINED FURTHER IN 3341.5(A,2)

10 WHICH IS FURTHER OUTLINED THIS IS ALL ON "PLACEMENT" OF INMATES IN A SHU; 3341.5(3,13)

11 IS REFERENCES to the "RELEASE"FROM "SHU" AFTER THE EXPIRATION OF A DETERMINATE SHU

12 WHICH IS "WHAT IS IN QUESTION"1/3/08. 3341.5(3,13) OF THE TITLE 15.STATE'S IN PART

13 "RELEASE OF THE INMATE WOULD (SEVERELY ENDANGER) THE LIVES OF INMATES OR STAFF, THE

14 SECURITY OF THE INSTITUTION",ET,SEG(2006).  APPEALLANT CONTENDS THE ICC DEFINITION OF

15 "POSITIVE PROGRAM" IS VAGUE, OVERBROAD & DOES NOT APPEAR TO BE IN A MINIMAL WRITTEN
16 STANDARD TO ALLOW APPEALLANT TIMELY NOTICE OF EVERYTHING THAT HE MUST COMPLY WITH OR

17 ACCOMPLISH WHILE UNDER RESTRICTIVE HOUSING CONDITIONS.  THIS RESULTS IN A VIOLATION OF

18 APPEALLANTS RIGHT TO NOTICE/ DUE PROCESS REQUIREMENTS (SEE PEOPLE V. LOPEZ(1998)66 CAL.

19 APP.4TH 6,5, 630; GRAYNED V. CITY OF ROCKFORD. 408 U.S.104,108(1972).

20 APPEALLANT CONTENDS, ANY SHU RETENTION BASED UPON CDCR MEMORANDUM NO.DD81/02
21 8/26/02

22 IS ILLEGAL & VIOLATES STATE-CREATED LIBERTY INTERESTS. THIS INDETERMINATE RETENTION

23 IS BASED ON ABOVE MENTIONED MEMORANDUM WHICH IS AN "UNDERGROUND REGULATION" IN
24 VIOLATION

25 OF SECTION 11340.5 OF THE GOVERNMENT CODE.  CCR 3339(a)(6,1,5) OUTLINE ALL SAFEGUARDS

26 NECESSARY TO RETAIN AN INMATE IN SEGREGATION WHICH ESTABLISHES THAT ALL NON-
27 CONFIDENTIAL

1   EVIDENCE RELIED UPON MUST BE DOCUMENTED UPON A CDC 114D. ATTACHED CDC 114D LIST PAST
2   SHU TERMS I HAVE COMPLETED DISIPLINARY DETERMINATE SHU TERMS FOR. IN LISTING "PAST"
3   "DISCPLINARY ACTIONS". TO RETAIN ME IN SHU HOUSING IS A "DISCIPLINARY ACTION" BASED
4   UPON PAST CONDUCT (THAT IS NON- VIOLENT) THUS NOT A "THREAT"WHICH SEVERELY ENDANGERS"
5   THE LIVES OF OTHER'S DUE TO THE FACT THAT THERE IS NO SERIOUS INJURIES IN NONE OF THE
6   LISTED VIOLATIONS EXCEPT THE ONE DATED 1/25/07 WHICH IS CLEAR IN THE INCIDENT REPORT
7   THAT I WAS IN FACT ATTACKED BY TWO OTHER PRISONER'S. FURTHERMORE THE ICC ACTION,
8   ALONG WITH THE CSR, IS IN ALLEGED VIOLATION OF THE U.S.FEDERAL STATUTE; THE 14TH
9   AMENDMENT TO DUE PROCESS & EQUAL PROTECTION OF THE LAW.  CONTINUED FROM 602 DATED
10  11/25/07 CODE$11342(g) OR PENAL CODE 5058 & 5076.2 ALSO SEE GOVERNMENT CODE$ 11340ETSEG,
11  THUS A REGULATION CAN NOT BE ENFORCED UNLESS THE AGENCY THAT CREATED IT HAS COMPLIED
12  WITH THE ADMINISTRATIVE PROCEDURES ACT(APA); SEE GOVERNMENT CODE $11342.1 THE MEMO
13  LISTED ABOVE IS NOT PROMULGATED BY THE OFFICE OF ADMINISTRATIVE LAW(O.A.L) PER THE
14  APA THUS MAKING IT AN "UNDERGROUND REGULATION".
15  SEE CCR 3341.5(A,2):3341.5(3,B);3335(a) & Dom.62050.13.2; NOTE THAT P.B.S.P OFFICIALS
16  EVIDENCE OF RETAINING ME , FOR INDETERMINATE SHU HOUSING IS A LIST OF NON-VIOLENT "PAST"
17  DISCIPLINARY CONDUCT DATED BACK FROM 9 YEARS AGO. AS ESTABLISHED ON THE ATTACHED 114-D
18  P.B.S.P.OFFICIAL'S ARE CONTENDING THAT THESE INCIDENT'S (LISTED ON 114-D) MAKES ME AN
19  "IMMEDIATE THREAT" TO THE SAFETY OF SELF OR OTHER'S & ENDANGER INSTITUTION SECURITY".
20  PLEASE REVIEW MY C-FILE FOR REVIEW -FOR A REVIEW OF ALL THE INCIDENTS LISTED ON THE
21  ATTACHED 114-D. SEE INCIDENT'S DATED 2/6/98.1/24/98. 1/24/99.1/4/00. 4/7/01. 2/16/05 &
22  1/25/07 WHICH IS ALL ESTABLISHED TO DEEM ME A THREAT. NOTE THE INCIDENT DATED 1/25/07
23  INVOLVED ME & TWO OTHER PRISONER'S THAT ATTACKED ME,IT JUST SO HAPPENED THAT I DEFENDED
24  MYSELF BETTER THEN THEY DID ATTACKING ME; I WAS FIGHTING TWO PRISONER'S & NOTE ALSO THAT
25  NO WEAPON WAS INVOLVED IN THE INCIDENT. IN ADDITION TO THE INCIDENT OF 1/25/07, THE

JACKSON VS. DEPT OF CORRECTIONS

1  INCIDENT 2/16/05 WAS A ROIT THAT I WAS STABBED IN; A DEFENSIVE WOUND, CLEARLY I DID NOT
2  START OR FORCE THE INCIDENT. BOTH INCIDENT'S OF BATTERY ON A PEACE OFFICER DATED 2/6/98
3  & 4/7/01 HAD NO INJURIES & NO FORCE OR FORM OF PHYSICAL FORCE INVOVLED IN NEITHER OF
4  THOSE INCIDENT'S. THUS THE ONLY INCIDENT I'VE EVER BEEN INVOVLED IN THAT ANYBODY HAD
5  INJURIES WAS 1/25/07; THE INCIDENT THAT I WAS ATTACKED BY THE TWO PRISONER'S.
6  NO WHERE IN MY C-FILE IS AN INCIDENT THAT I'VE USED A WEAPON OR AGGRESSIVELY USED
7  FORCE ON ANY PERSON, THUS IT CAN NOT BE PROVED THAT I'M A THREAT TO ANY,PERSON OR
8  SECURITY OF AN INSTITUTION. AS A RESULT OF THIS INJUSTICE DONE TO ME AT P.B.S.P IN
9  THE RECORDS OF THIS SITUATION & ADDITIONAL ONE'S, I FEEL THAT THE ONLY REMEDY TO THE
10 ACTION'S OF P.B.S.P. OFFICALS IS A LAWSUIT. "A" COURT'S DECISION IS THE ONLY REMEDY FOR
11 THE CONDUCT OF P.B.S.P OFFICIALS & LEVEL OF CORRUPTION AT THIS FACILITY.
12 THIS ACTS AS NOTICE THAT I HAVE BEEN SEARCHING FOR AN ATTORNEY & ONLY WISH TO EXHAUST MY
13 ADMINISTRATIVE REMEDIES TO BEGIN LITIGATION; ACTIONS REQUESTED AND PRAYED FOR HAVING
14 THE ABILITY TO STATE MY POSITION BEFORE THE ICC DELERATE & THEN HAVE A DECISION MADE
15 OFF OF THE EVIDENCE & DELIBERATION. THIS IS A BREACH OF MANDATORY DUTY TO COMPLY WITH
16 CAL.PENAL.CODE 5058 & WITH THE REQUIREMENT OF APA WHEN APPLING THE STANDARD'S OF THE
17 MEMORANDUM QUESTION DATED 8/26/02 TO WHICH IS A UNDERGROUND RULE.
18 CDCR HAS A MANDATORY DUTY UNDER P2932 TO AFFORD DUE PROCESS PROTECTIONS TO PRISONER'S
19 PLACED INTO OR RETAINED INSEGREGATED HOUSING. P.C. 147 & 673 IMPOSES A MANDATORY
20 UPON THE CDCR TO TREAT PRISONER'S FAIRLY & HUMANELY & TO PROTECT MY PHYSICAL & MENTAL
21 WELL BEING. THIS EXTENTION OF SEGREGATION IS CAUSING UNDUE STRESS & MENTAL HARDSHIP. SEE
22 CAL.CONSTITUTION UNDER 14TH AMENDMENT. I pray that this court have me released out of the shu
23 and allow me have all issues heard here /or allow me to file a state state cliam in state court on issues
24 here and be compensated at the rate of 100.00 day from 1/3/08 to date of release out of shu. Using
25 date of filing as validate. For filing purposes limits. 7/03/08.
26
27

UNITED STATES DIST. CT        JACKSON VS. DEPT OF CORRECTIONS                    CASE 1

| | |
|---|---|
| 1 | RESPECTFULLY SUBMITTED |
| 2 | TAYMON JABARR JACKSON K35749 |
| 3 | 5905 LAKE EARL DRIVE C7-119 SHU |
| 4 | HOUSING.OR P.O. BOX 7500 |
| 5 | CRESCENT CITY, CALIFORNIA |
| 6 | 95531 |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

Case 3:08-cv-03227-PJH   Document 1   Filed 07/03/2008   Page 8 of 17

```
                    CALIFORNIA DEPARTMENT OF CORRECTIONS
                         PELICAN BAY STATE PRISON
                      INMATE TRUST ACCOUNTING SYSTEM
                       INMATE TRUST ACCOUNT STATEMENT

              FOR THE PERIOD: JAN. 01, 2008 THRU FEB. 06, 2008

ACCOUNT NUMBER : K35749                    BED/CELL NUMBER: CF07U 000000202L
ACCOUNT NAME   : JACKSON, TAYMON J.              ACCOUNT TYPE: I
PRIVILEGE GROUP: D
                            TRUST ACCOUNT ACTIVITY

        TRAN
DATE    CODE  DESCRIPTION     COMMENT    CHECK NUM   DEPOSITS   WITHDRAWALS    BALANCE
-----   ----  -----------     -------    ---------   --------   -----------    -------

01/01/2008    BEGINNING BALANCE                                                  44.59

01/03  FC04  DRAW-FAC 4      2821  C-7                             44.59          0.00
01/07* DD34  EFT DEPOSIT 0  2841JP#246               29.25                       29.25
02/04  FC04  DRAW-FAC 4      3373  C-7                             29.25          0.00


                       * RESTITUTION ACCOUNT ACTIVITY

DATE SENTENCED: 12/05/96                   CASE NUMBER: SC961569
COUNTY CODE: MON                           FINE AMOUNT: $   2,800.00

    DATE       TRANS.    DESCRIPTION                  TRANS. AMT.     BALANCE
  --------    ------   -----------------             -----------    ---------

01/01/2008    BEGINNING BALANCE                                       2,112.62

01/07/08      DR34      REST DED-EFT DEPOSIT           32.50-         2,080.12

   * THIS STATEMENT DOES NOT REFLECT THE ADMINISTRATIVE FEE CHARGE THAT *
   * IS EQUAL TO TEN PERCENT OF THE RESTITUTION AMOUNT COLLECTED.      *


                           TRUST ACCOUNT SUMMARY

  BEGINNING      TOTAL        TOTAL        CURRENT       HOLDS      TRANSACTIONS
   BALANCE      DEPOSITS   WITHDRAWALS     BALANCE      BALANCE     TO BE POSTED
  ---------    ---------   -----------    ---------    ---------   -------------

     44.59        29.25         73.84         0.00         0.00          0.00


                                                             CURRENT
                                                            AVAILABLE
                                                             BALANCE
                                                            ---------
                                                               0.00
```

[Stamp: PELICAN BAY STATE PRISON SECURITY HOUSING UNIT C-7]



STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95811
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95812
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson

JOHN CHIANG
State Controller
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

KAREN McGAGIN
Executive Officer

Taymon Jabbar Jackson K35749
PO Box 7500
Crescent City, CA 95531

April 30, 2008

RE: Claim G572492 for Taymon Jabbar Jackson, K35749

Dear Taymon Jackson,

The Victim Compensation and Government Claims Board rejected your claim at its hearing on April 22, 2008.

If you have questions about this matter, please mention letter reference 123 and claim number G572492 when you call or write your claim technician or analyst at (800) 955-0045.

Sincerely,


Darnell Lawrence, Program Manager
Government Claims Program
Victim Compensation and Government Claims Board

cc: B-23 Corrections and Rehabilitation, Attn: Donna Corbin

Warning

Subject to certain exceptions, you have only six months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6. You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

\* \* \* \* \* \* \* \* \*

It is not necessary or proper to include the Victims Compensation and Government Claims Board (Board) in your court action unless the Board was identified as a defendant in your original claim. Please consult Government Code section 955.4 regarding proper service of the summons.

Ltr 123 Claim Rejection

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT C-7

State of California                                                                    Department of Corrections

# Memorandum

*PELICAN BAY STATE PRISON SECURITY HOUSING UNIT C-7*

Date : August 26, 2002

To : Wardens
Classification and Parole Representatives
Classification Staff Representatives
Correctional Counselor IIIs/Reception Centers

Subject : **INDETERMINATE SECURITY HOUSING UNIT STATUS FOR DISRUPTIVE INMATES**

The purpose of this memorandum is to provide institution staff with direction relevant to the review and program consideration of inmates who complete a Determinate Security Housing Unit (SHU) term and continue to pose a threat to the safety of others or security of the institution. This perceived threat may be based on the inmate's behavior while in SHU housing or due to the inmate's disciplinary history while housed in the California Department of Corrections. Due to escalating violence occurring within the institutions, administrative staff are encouraged to review for appropriate housing those inmates who have a history of participating in disruptive behavior or fomenting violence and unrest.

This direction is appropriate and within the parameters of the California Code of Regulations, Title 15, Section 3341.5(c), which states, "An inmate whose conduct endangers the safety of others or the security of the institution shall be housed in a SHU."

Effective immediately, during the pre-Minimum Eligible Release Date review, classification staff shall consider Indeterminate SHU status for inmates who have demonstrated the desire to be disruptive and endanger the safety of others or the security of the institution. The following are examples of inmates who may qualify for consideration of Indeterminate SHU status:

1. Inmates currently serving a Determinate SHU term whose in-custody behavior reflects a propensity towards disruptive conduct, regardless of whether the inmate is not eligible for additional Determinate SHU term assessment.

2. Specifically, inmates who have been assessed three Determinate SHU terms for any offense or assessed two Determinate SHU terms for participation in a riot, melee, or disturbance. This requirement shall be subject to all SHU terms assessed on the same prison identification number indifferent to the inmate's term status; e.g., "PVRTC", "PVWNT", etc.

This directive does not negate institution staff's responsibility to properly identify and process inmates suspected of prison gang membership or association.

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT C-7

Wardens
Classification and Parole Representatives
Classification Staff Representatives
Correctional Counselor IIIs/Reception Centers
Page 3

bcc: W. J. DesVoignes, Assistant Director (A), Office of Compliance
 Pamela A. Prudhomme, Correctional Administrator-Field Operations, Community Correctional Facilities
 Melissa Tessaro, Parole Administrator I (A), Parole and Community Services Division
 Facility Captains, Classification Services Unit
 Correctional Counselor IIIs, Classification Services Unit
 Correctional Counselor IIs, Classification Services Unit

**POWELL:INPROCESS(BCP080602S):kt
CSU 2002-8022
CSU COMPLETE:C082602S**

YS-113

Wardens
Classification and Parole Representatives
Classification Staff Representatives
Correctional Counselor IIIs/Reception Centers
Page 2

*STATE PRISON HOUSING UNIT UNIT C-7*

If you have questions or require additional information, please contact Marilyn Kalvelage, Chief, Institution Operations, Institutions Division, at (916) 323-4108, or for technical information, contact Linda Rianda, Chief, Classification Services Unit, at (916) 322-2544.

**ORIGINAL SIGNED BY**

W. A. DUNCAN
Deputy Director
Institutions Division

cc: | | |
---|---|---
Edward S. Alameida, Jr. | Jan Sale | Yvette M. Page
David Tristan | Merrie M. Koshell | Ernest C. Van Sant
Michael T. Pickett | Jim L'Etoile | Karl Kerkseick
E. Roe | E. A. Mitchell | Linda Rianda
Ana Ramirez-Palmer | Roderick Q. Hickman | R. Manuel
K. W. Prunty | Gregory W. Harding | Gloria Rea
Judy Buckman | Marilyn Kalvelage | Carlos Sanchez
Wendy Still | M. Shepherd | Paul Bestolarides
 |  | Ombudsmen's Office (7)

Supplemental statement for 602 appeal
Log# C08-00012

Page 1-3                                                                    #1

Appellant contends "he has a state-created liberty interest in being free from indeterminate SHU confinement. (Sandin v. Conner. 515 U.S. 472 (1995); DOM 62050.13.2 "The inmates continued presence in general population would <u>severely endanger</u> lives of inmates or staff, the security of the institution or the integrity of an investigation into suspected criminal activity". CCR title 15 3335(a) states in part "When an inmates presence in an institutions general inmate population presents an <u>immediate threat</u> to the safety of the inmate or others, endangers institution security or jeopardizes the integrity of an investigation". 3341.5 (A,1) is used continuously by ICC but they fail to understand the proper context of the SHU indeterminate placement which is outlined further in 3341.5 (A,2) which references 3335(a). Furthermore this is all on the "placement" of inmates in a SHU; 3341.5(3,B) is referenced to the "release from SHU" after the expiration of a determinate SHU which is what's in question. 3341.5(3,B) states in part "release of the inmate would <u>severely endanger</u> the <u>lives</u> of inmates or staff, the security of the institution". et. seq (2006)

Appellant contends the ICC definition of "positive program" is vague, overbroad, & does not appear to be in a minimal written standard to allow appellant timely notice of everything that he must comply with or accomplish while under restrictive housing conditions. This results in a violation of appellants right to

#2

NOTICE/DUE PROCESS REQUIREMENTS (SEE PEOPLE V. LOPEZ (1998) 66 CAL. APP. 4th 6,5, 630; GRAYNED V. CITY OF ROCKFORD. 408 U.S. 104, 108 (1972).

Appellant contends, any SHU retention based upon CDCR memorandum NO. DD 81/02. 8/26/02 is illegal & violates State-Created liberty interests.

This indeterminate retention is base on above mentioned memorandum which is an "underground regulation" in violation of Section 11340.5 of the Government Code.

CCR 3339 (a)(b,1,5) outline all safeguards necessary to retain an inmate in segregation which establishes that all non-confidential evidence relied upon must be documented upon a CDC 114D. Attached CDC 114-D list past SHU terms I've completed disciplinary determinate SHU terms for. In listing "past disciplinary actions" to retain me in SHU housing is a "disciplinary action" based upon past conduct (that is non-violent) thus not a "threat" which "severely endanger" the lives of others due to the fact that there is no serious injuries in none of the listed violations except the one dated 1/25/07 which is clear in the incident report that I was in fact attacked by two other prisoners.

Furthermore the ICC action, along with the CSR, is in violation of the U.S. Federal Statute; The 14th Amendment to due process & equal protection of

PELICAN PRISON
SECURITY HOUSING UNIT
UNIT C-

Continued from 602 dated; 11/25/07
code § 11342(g) or penal code 5058 § 5076.2.
Also see Government code § 11340 et seq,
thus A regulation cannot be enforced unless
the agency that created it has complied
with the administrative procedures
Act (APA); see Government code § 11342.1.
The memo listed above is not promulgated
by the office of administrative law (O.A.L)
per the APA thus making it an "underground
regulation".

See CCR 3341.5 (A,2); 3341.5 (3,B); 3335 (a) §
Dom. 62050.13.2; note that P.B.S.P officials
evidence of retaining me for indeterminate
Shu housing is a list of "non-violent" past
disciplinary conduct dated back from 9 years
ago. As established on the attached 114-D
P.B.S.P officials are contending that these
incidents (listed on 114-D) makes me an
"immediate threat" to the safety of self or
other's § "endanger institution security".

Please review my c-file for a review
of all the incidents listed on the attached
114-D, See incidents dated 2/6/98, 1/24/99,
1/4/00, 4/7/01, 2/16/05 § 1/25/07 which is all
established to deem me a threat.

Note that the incident dated 1/25/07
involved me § two other prisoners that
attacked me, it just so happened that
I defended myself better than they did
attacking me; I was fighting two other
prisoners § note also that no weapon
was involved in the incident.

In addition to the incident of 1/25/07
the incident dated 2/16/05 was a riot that

I was stabbed in j a defensive wound, clearly I did not start or force the incident.

Both incidents of Battery on a Peace Officer dated 2/6/98 & 4/7/01 had no injuries & no force or form of physical force involved in neither of those incidents. Thus the only incident I've ever been involved in that anybody had injuries was 1/25/07; the incident that I was attacked by two other prisoners.

Nowhere in my C-file is an incident that I've used a weapon or aggressively used force on any person, thus it can not be proved that I'm a threat to any person or the security of an institution.

As a result of the injustice done to me at P.B.S.P in the records of this situation & additional ones, I feel that the only remedy to the actions of P.B.S.P officials is a lawsuit. A court decision is the only remedy for the conduct of P.B.S.P officials & the level of corruption at this facility. This acts as notice that I have an attorney & only wish to exhaust my administrative remedies to begin litigation.

See action requested.

Respectfully,
Taymon Jabbar Jackson #K-35749
P.B.S.P C/7 #202

#3

having an ability to state my position before the ICC deliberate & then have a decision made off of the evidence & deliberation.

This is a breach of mandatory duty to comply with Cal. Penal Code 5058 & with all the requirement of the APA when applying the standards of the memorandum in question dated 8/26/02 which is an underground rule.

CDCR has a mandatory duty under p.c. 2932 to afford due process protections to prisoners placed into or retained in segregated housing.

p.c. 147 & 673 imposes a mandatory duty upon the CDCR to treat prisoners fairly & humanely & to protect my physical & mental well being. This extention of segregation is causing undue stress & mental hardships. See Cal. Constitution article 1. 7 & 15 & U.S. Constitution under the 14th amendment.

T. Jackson #K-35749
c/7 #202