UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TAYMON J. JACKSON,

        Plaintiff,

  vs.

Warden BOB HOREL; C. WILK; W. A. DUNCAN; R. PIMENTE; N. GRANNIS; M. FERGUSON; G. STEWART; M. CASTELLA, J. PASCOE; M. PENA; J. ISOLA; and DEPARTMENT OF OCRRECTIONS,

        Defendants.
                                /

No. C 08-3227 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

      Plaintiff, a prisoner at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

      Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

**DISCUSSION**

**A.    Standard of Review**

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

The complaint is not manageable in its present form. The "complaint" section is unparagraphed and is a rambling combination of scattered facts, argument, state law citations and discussion, and incomprehensible references – for instance, "see Cal. Constitution under 14th Amendment." The "parties" section also contains irrelevant argument, does not list all the defendants who are included in the caption, and does not say where many of them can be served. Most significantly, plaintiff has not provided factual allegations as to what each of the individual defendants actually did. The complaint thus is not sufficient to provide notice to the them of the basis for the suit or to state a plausible claim against any one of them under the standards set out above.

The complaint will be dismissed with leave to amend. To assist plaintiff in structuring his amended complaint, the amendment must be on the court's form for prisoner section 1983 complaints, with additional pages as necessary.

United States District Court
For the Northern District of California
Case 3:08-cv-03227-PJH    Document 5    Filed 08/11/2008    Page 3 of 3

Plaintiff should keep in mind that he is suing individuals, so in order to state a claim he must present facts which make it plausible that each individual somehow violated his constitutional rights. It may be that using separate numbered paragraphs and organizing the claim section of the complaint into a section of facts, then a section of federal claims, then a section of state law claims, would make it easier to understand.

## CONCLUSION

1. For the foregoing reasons, the case is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must be on the court's form for section 1983 complaints, must include the caption and civil case number used in this order, and must have the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 11, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.08\JACKSON3227.DWLTA.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYMON J. JACKSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BOB HOREL et al,<br><br>　　　　Defendants.<br>_____/ | Case Number: CV08-03227 PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 11, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Taymon J Jackson K-35749
Pelican Bay State Prison
C/7-119
P.O. Box 7500
Crescent City, CA 95531-7500

Dated: August 11, 2008

　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　By: Nichole Heuerman, Deputy Clerk