United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TAYMON J. JACKSON,<br><br>           Plaintiff,<br><br>   vs.<br><br>Warden BOB HOREL; C. WILK; W. A. DUNCAN; R. PIMENTE; N. GRANNIS; M. FERGUSON; G. STEWART; M. CASTELLA, J. PASCOE; M. PENA; J. ISOLA; and DEPARTMENT OF OCRRECTIONS,<br><br>           Defendants.<br>_____/ | No. C 08-3227 PJH (PR)<br><br>**ORDER OF DISMISSAL** |

This is a civil rights case filed pro se by a state prisoner. In the initial review order, the court dismissed the complaint with leave to amend, saying that it was disorganized and did not provide factual allegations as to what each individual defendant actually did to violate plaintiff's rights. Plaintiff has amended.

In the amendment, plaintiff alleges that after he completed a fifteen-month term in the Security Housing Unit ("SHU"), he was classified for indeterminate SHU housing, thus retaining him in the SHU. He was told that this was done for the security of the institution and staff, based on his prior record of disciplinary violations – violations he says were nonviolent. His explanations for the claims he contends arise from this remain somewhat jumbled, but can be ascertained.

First, plaintiff contends that his placement in the SHU for an indeterminate term violated his Eighth Amendment rights. He has, however, alleged no facts that suggest conditions in that housing unit are such that placement there would be cruel and unusual punishment. He has failed to state an Eighth Amendment claim.

Plaintiff also says that he had "already been punished for" the prior rules violation convictions that were used to impose the indeterminate SHU term, which may imply that he wants to raise a double jeopardy claim. Such a claim would fail, however, because the Double Jeopardy Clause does not apply to prison punishments. *See United States v. Newby*, 11 F.3d 1143, 1144 (3d Cir. 1993).

Plaintiff also contends that he was subjected to "intimidations, retaliation, denials, [and] discriminations." He provides, however, no facts whatever. These conclusory allegations are insufficient under the standard set out by the United States Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (legal conclusions must be supported by factual allegations).

For these reasons, plaintiff has failed to state a federal claim. Because all federal claims will be dismissed for failure to state a claim, the court declines to exercise supplemental jurisdiction over the state law claims, which will be dismissed without prejudice. *See* 28 U.S.C. § 1367(c).

## CONCLUSION

The federal claims are **DISMISSED** with prejudice. The state claw claims are **DISMISSED** without prejudice to raising them in state court. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 13, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.08\JACKSON3227.DSM.wpd

2